JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| AHADI ABU-AL MUHAMMAD (aka ONOFRE TOMMY SERRANO),<br><br>    Plaintiff,<br><br>v.<br><br>COUNTY OF RIVERSIDE, et al.,<br><br>    Defendant. | No. ED CV 22-534-VBF (PLA)<br><br>**ORDER DISMISSING ACTION FOR FAILURE TO PROSECUTE AND/OR TO COMPLY WITH COURT ORDERS** |

**I.**

**BACKGROUND**

On March 24, 2022, plaintiff filed a pro se civil rights action herein pursuant to 42 U.S.C. § 1983 ("Complaint"). Plaintiff did not submit a request to proceed without prepayment of filing fees or pay the full filing fee. (See ECF No. 5).

On April 1, 2022, the Magistrate Judge recommended that plaintiff not be permitted to proceed without prepayment of filing fees based on an inadequate showing of indigency, i.e., plaintiff failed to submit a request to proceed without prepayment of filing fees, failed to provide a certified copy of his trust account statement for the last six months, and failed to authorize disbursements from his prisoner trust account to pay the filing fees. (Id.). On May 10, 2022, the Court denied proceeding in this action without prepayment of filing fees, with leave to amend, and advised plaintiff that in order

to avoid the action being dismissed, he should submit a request to proceed without prepayment of filing fees, along with a copy of the Complaint and his certified trust account statement and disbursement authorization within 30 days of the date of the Order. (Id.).

On June 24, 2022, the Court received plaintiff's request to proceed without prepayment of filing fees ("Request") in which he also requested an extension of time to provide the trust account statement and disbursement authorization. (ECF No. 7). That document, however, was not filed in the action until June 28, 2022. (Id.). Meanwhile, on June 27, 2022, as it appeared that plaintiff had not timely submitted the required documents or otherwise responded to the May 10, 2022, Order, the Court dismissed the action. (ECF No. 6).

On June 29, 2022, the Court noted receipt of plaintiff's Request and his request for additional time to submit his trust account statement (both of which were signed on June 7, 2022). (ECF No. 8). The Court, therefore, reopened the action, and authorized plaintiff to provide his trust account statement no later than August 1, 2022.[1] (Id.).

On September 7, 2022, the Court's June 29, 2022, Order reopening the case and granting plaintiff's request for additional time to provide his trust account statement was re-mailed to plaintiff at his address of record, under both of his surnames (Muhammad and Serrano).

On September 19, 2022, the mail re-forwarding the June 29, 2022, Order granting plaintiff's request for additional time to submit his trust account statement and reopening the case (ECF No. 8), that had been addressed to plaintiff under the surname Muhammad, was returned to the Court with the indication that the mail unit at his place of incarceration was "Unable to identify" the recipient, who was identified on the envelope as Ahad Abu-Al Muhammad, Booking Number 6032688. (ECF No. 10). Booking Number 6032688 is the same Booking Number plaintiff used when he filed his Complaint and the same Booking Number included on the mail the Court re-forwarded to plaintiff

---

[1] On July 13, 2022, plaintiff submitted a Notice of Appeal with respect to the "final judgment from an Order Closing Case filed in this action on 6/27/22." (ECF No. 9). On July 22, 2022, the Magistrate Judge issued an Order rejecting the Notice of Appeal as premature, noting that the case had been reopened on June 29, 2022. (Id.).

under the last name Serrano. As of the date of this Order, the mail re-forwarding the June 29, 2022, Order (ECF No. 8) addressed to plaintiff under the surname Serrano has not been returned.

As of the date of this Order, plaintiff has not submitted his trust account statement as required by the Court's May 10, 2022, and June 29, 2022, Orders, or otherwise responded to the Court's June 29, 2022, Order, and the time to do so has expired.

## II.

## DISCUSSION

### A.  FAILURE TO PROSECUTE AND TO COMPLY WITH COURT ORDERS

It is well established that a district court has authority to dismiss a plaintiff's action because of his or her failure to prosecute or to comply with court orders. See Fed. R. Civ. P. 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 629-30, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962) (holding that a court's authority to dismiss for lack of prosecution is necessary to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the district courts); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) (holding that a district court may dismiss an action for failure to comply with any order of the court).

In determining whether to dismiss this action due to plaintiff's failure to prosecute or to comply with court orders, the Court must consider the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits[;] and (5) the availability of less drastic sanctions." Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988) (per curiam) (citation and quotation marks omitted); see also In re Eisen, 31 F.3d 1447, 1451 (9th Cir. 1994) (failure to prosecute); Ferdik, 963 F.2d at 1260-61 (failure to comply with court orders).

The first two factors -- the public's interest in expeditious resolution of litigation and the Court's need to manage its docket -- weigh in favor of dismissal. Plaintiff's failure to submit his trust account statement in compliance with the Court's May 10, 2022, and June 29, 2022, Orders, or otherwise

respond to the Court's June 29, 2022, Order, hinders the Court's ability to move this case toward disposition and indicates that plaintiff does not intend to litigate this action diligently.

The third factor -- prejudice to defendants -- also weighs in favor of dismissal. A rebuttable presumption of prejudice to defendants arises when a plaintiff unreasonably delays prosecution of an action. Eisen, 31 F.3d at 1452-53. Nothing suggests that such a presumption is unwarranted in this case.

The fourth factor -- public policy in favor of deciding cases on their merits -- weighs against dismissal. However, the Court first informed plaintiff on May 10, 2022, that he must submit a request to proceed without prepayment of filing fees and related documents within 30 days or the action would be dismissed. Then, on June 29, 2022, the Court granted plaintiff's June 27, 2022, request and gave him additional time -- to August 1, 2022 -- to provide his trust account statement. On September 7, 2022, in an abundance of caution, the Court's June 29, 2022, Order was re-mailed to plaintiff at his address of record, under both of his surnames -- Muhammad and Serrano -- and both envelopes indicated Booking Number 6032688. Only the mailing addressed to plaintiff under the last name Muhammad was returned as undeliverable and the Court finds it reasonable to assume that plaintiff received the mailing addressed to him under the last name Serrano. It is plaintiff's responsibility to move his case toward a disposition at a reasonable pace and to avoid dilatory and evasive tactics. See Morris v. Morgan Stanley Co., 942 F.2d 648, 652 (9th Cir. 1991). By failing to timely submit his trust account statement in response to the Court's May 10, 2022, and June 29, 2022, Orders, or to otherwise respond to the June 29, 2022, Order, plaintiff has not discharged this responsibility. In these circumstances, the public policy favoring resolution of disputes on the merits does not outweigh plaintiff's failure to comply with court orders.

The fifth factor -- availability of less drastic sanctions -- weighs in favor of dismissal. The Court first attempted to avoid dismissal when it issued its May 10, 2022, Order, giving plaintiff additional time to submit his request to proceed without prepayment of filing fees and related documents. Then, on June 29, 2022, the Court again provided plaintiff with additional time to provide his trust account statement. Nonetheless, as of the date of this Order, plaintiff has failed to submit his trust account

statement as required by the Court's May 10, 2022, and June 29, 2022, Orders, or otherwise respond to the June 29, 2022, Order.

Taking all of the above factors into account, dismissal for failure to prosecute and to follow court orders is appropriate. Such a dismissal, however, should not be entered unless plaintiff has been notified that dismissal is imminent. See W. Coast Theater Corp. v. City of Portland, 897 F.2d 1519, 1523 (9th Cir. 1990). In this case, plaintiff was cautioned about the possibility of dismissal in the Court's May 10, 2022, Order (and, indeed, the action was dismissed when the Court did not timely receive the documents), and after the case was reopened he was given additional time to fully comply with the May 10, 2022, Order by extending the time for him to provide his trust account statement to August 1, 2022. As of the date of this Order, plaintiff has not timely provided his trust account statement as required by the May 10, 2022, and June 29, 2022, Orders, or otherwise responded to the Court's June 29, 2022, Order.

### III.
### CONCLUSION

IT IS THEREFORE ORDERED that the Complaint is **dismissed without prejudice** for failure to prosecute and/or to comply with Court orders.

DATED: November 29, 2022

_____
HONORABLE VALERIE BAKER FAIRBANK
SENIOR UNITED STATES DISTRICT JUDGE